UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA and CYNTHIA KALLICH, Revenue Officer, Internal Revenue Service,<br><br>    Petitioners,<br><br>    v.<br><br>KHANH TUNG LUONG,<br><br>    Respondent.<br>_____/ | NO. 2:08-MC-00094 WBS KJM<br><br>ORDER ADJUDGING RESPONDENT IN CIVIL CONTEMPT |

----oo0oo----

On May 18, 2009, the court issued an Order requiring respondent Khanh Tung Luong to appear before petitioner Internal Revenue Service ("IRS") Revenue Officer Cynthia Kallich on July 15, 2009, at 10:00 a.m in the Stockton IRS office. (Docket No. 25.) Respondent failed to appear in violation of the Order. (Kallich Decl. ¶ 3, Docket No. 27.) Before the court is petitioners the United States of America and Kallich's petition

1

to hold respondent in contempt for failure to comply with this court's May 18, 2009 Order.

I.   Factual and Procedural Background

On July 24, 2008, petitioners filed a petition to enforce IRS summonses issued to respondent which ordered him to testify and produce documents related to an IRS investigation concerning respondent's assessed income tax for 2005 and another investigation of Capitol Furniture related to its assessed Employer's Quarterly Tax.  (Docket No. 1.)  Magistrate Judge Kimberly J. Mueller held a hearing on this petition on September 24, 2008, at which respondent appeared.  (Certification of Facts ¶ 4, Docket No. 16.)  Magistrate Judge Mueller issued her findings and recommendations on October 6, 2008, recommending that the summonses be enforced and respondent be ordered to appear before Kallich or Revenue Office Martha Rodriguez at the IRS office in Stockton, California on October 23, 2008, to give testimony and produce the documents demanded by the summonses. (Docket No. 8.)  This court then adopted those findings and recommendations on October 24, 2008.  (Docket No. 10.)

Respondent appeared at the IRS offices in Stockton on October 23, 2008, but for reasons which are not entirely clear to the court failed to meet with Kallich or Rodriguez or otherwise comply with the summonses.  (Certification of Facts ¶ 6.)  On October 24, 2008, Kallich wrote to respondent, scheduling a new appointment for respondent to appear and comply with the summonses on November 17, 2008, at 10:00 a.m. in the Stockton IRS office.  (Id. at ¶ 7.)   Respondent did not appear or respond. (Id. at ¶ 8.)  Kallich wrote another letter to respondent on

November 24, 2008, scheduling an appointment for December 11, 2008, at 10:00 a.m. in the Stockton IRS office. (Id. at ¶ 7.) Respondent again failed to appear or respond. (Id. at ¶ 8.)

In response to these failures to appear, petitioners filed a petition asking the court to hold respondent in contempt of court on December 31, 2008. (Docket No. 11.)  On January 7, 2009, Magistrate Judge Mueller ordered respondent to appear before her on February 4, 2009, for an Order to Show Cause hearing on respondent's failure to comply with the court's October 24, 2009 Order and file a written response to the petition within seven days. (Docket No. 13.)  Respondent failed to file a response or appear at the Order to Show Cause hearing. (Certification of Facts ¶ 11.)  On March 27, 2009, Magistrate Judge Mueller filed a certification of facts and ordered respondent to appear before this court on April 20, 2009, to show cause why respondent should not be held in contempt, jailed, and subjected to coercive and monetary sanctions for his failure to comply with the court's October 24, 2008 Order. (Docket No. 16.)

The hearing before this court was dropped from the calendar by order of the court on April 20, 2009. (Docket No. 18.)  Petitioners then filed a second petition for contempt on April 23, 2009, with the court. (Docket No. 19.)  On April 28, 2009, the court denied the petition on the grounds that compliance with the court's October 24, 2008 Order adopting Magistrate Judge Mueller's Findings and Recommendations was impossible because it was issued one day after the compliance date of October 23, 2008. (Docket No. 21.)  As a result, petitioners then filed a motion requesting that the court modify

3

its October 24, 2008 Order so that compliance by respondent would be possible. (Docket No. 22.) The court granted that motion on May 12, 2009, and ordered petitioners to propose a specific future date and time for respondent's appearance at the Stockton IRS office. (Docket No. 23.)

On May 18, 2009, the court issued an Order enforcing the IRS summonses issued to respondent and requiring respondent appear at the Stockton IRS office before Kallich or her representative on July 15, 2009, at 10:00 a.m. to give testimony and produce all documents demanded by the IRS summonses issued on April 3, 2008. (Docket No. 25.) Respondent was served with this Order on May 27, 2009, according to the provisions of Federal Rule of Civil Procedure 4(e). (See Docket No. 26.) Respondent failed to appear on July 15, 2009, or otherwise respond to the court's Order. (Kallich Decl. ¶¶ 4-5.) On August 11, 2009, petitioners filed this petition asking the court to hold respondent in civil contempt for his failure to comply with the court's May 18, 2009 Order. (Docket No. 27.)

The court issued an Order to Show Cause on August 18, 2009, ordering respondent to appear before the court on November 9, 2009, to show why respondent should not be held in civil contempt for failure to comply with the May 18, 2009, Order. (Docket No. 29.) The Order to Show Cause was served on respondent on August 25, 2009, according to the provisions of Federal Rule of Civil Procedure 4(e). (Docket No. 30.) At the Order to Show Cause hearing on November 9, 2009, Caroline A. Newman of the Tax Division of the Department of Justice appeared telephonically, and Assistant United States Attorney Yoshinori

4

H.T. Himel and Kallich appeared in the courtroom on behalf of petitioners.  Public Defender Matt Bachman and a Vietnamese interpreter were also present to assist respondent.  Respondent did not appear at the Order to Show cause hearing and did not file an opposition to the Order to Show Cause.  Respondent's failure to comply with the May 18, 2009 Order continues to the present.  (Kallich Decl. ¶ 5.)

II. Discussion

"A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding."  Lambert v. Montana, 545 F.2d 87, 88 (9th Cir. 1976).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  In re Dual-Deck Video Cassette Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993); see also Fed. R. Civ. P. 70 (allowing courts to hold parties in contempt when "a judgment directs a party . . . to perform any . . . specific act and the party fails to comply within the time specified").  To find a party in civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnor[] violated a specific and definite order of the court.  The burden then shifts to the contemnor[] to demonstrate why [he was] unable to comply."  F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999).

Petitioners have proved by clear and convincing evidence that respondent specifically violated the court's May 18, 2009 Order that he comply with the IRS summonses and appear at the Stockton IRS office before Kallich or her representative

5

on July 15, 2009, at 10:00 a.m through the Petition for Contempt and supporting documents, including the declaration of Kallich. Despite clearly being on notice of his obligation to comply with the IRS summonses after being served with the court's May 18, 2009 Order, respondent once again failed to appear at the Stockton IRS office and comply with the summonses. (See Docket No. 26; Kallich Decl. ¶¶ 4-5.)  Petitioners have been trying to secure respondent's compliance with the IRS summons for over a year to no avail, despite the repeated opportunities given to respondent to comply.  Respondent has produced no viable excuse as to why he was unable to comply with the court's Order. Accordingly, the court finds respondent in contempt of its May 18, 2009 Order.

Once a party has been found in contempt a court may issue a number of civil contempt sanctions, including a per diem fine, compensatory fines, and coercive confinement. See United States v. Ayers, 166 F.3d 991, 995 (9th Cir. 1999)(upholding a district court's award of fines for contempt of an order enforcing an IRS summons); S.E.C. v. Elmas Trading Corp., 824 F.2d 732 (9th Cir. 1987)(holding that the district court did not abuse its discretion in adjudging party in civil contempt and ordering him incarcerated until he produced the specified documents).

At the Order to Show Cause hearing, petitioners expressed their belief that confinement would be the most appropriate sanction to coerce respondent to comply.  The court agrees that placing respondent in confinement is the court's only viable option in this case.  A monetary sanction would be

inadequate given that respondent is currently under investigation for a failure to adequately pay his taxes.  The court has no reason to believe that a person who allegedly was either unwilling or unable to pay tax assessments to the government would suddenly comply with the court's May 18, 2009 Order as the result of further monetary assessments.  Given respondent's complete disregard of the court's orders, incarceration seems to be the only effective way to coerce respondent to comply with the court's May 18, 2009 Order.

Confinement is a proper measure to obtain compliance with a court order.  Lambert, 545 F.2d at 91.  Coercive confinement is inappropriate if the contemnor can prove that continued confinement will not cause him to change his mind and comply with the order under any circumstances.  Id.  A contemnor "bears the burden of proving that continued confinement will not cause him to change his mind and testify."  Id.  This defense is narrow, because otherwise "the civil contempt power would be completely eviscerated were a defiant witness able to secure his release merely by boldly asserting that he will never comply with the court's order."  In re Grand Jury Investigation, 600 F.2d 420, 425 (3d Cir. 1979).

IT IS THEREFORE ORDERED that petitioners' petition to hold respondent in civil contempt for his failure to comply with the court's May 18, 2009 Order directing respondent to comply with the IRS summonses issued on April 3, 2008, be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that:

(1) A bench warrant for the arrest of respondent shall

7

1 be issued;

2     (2) The United States Marshal shall notify the United States Attorney, the Federal Defender, and the Courtroom Deputy for the undersigned judge as soon as defendant is arrested; and

5     (3) Upon arrest, respondent shall be brought before this court forthwith.  If the undersigned judge is not available, he shall be brought before Magistrate Judge Mueller.

8     The Clerk shall forward copies of this Order to respondent, the United States Attorney, and the Federal Defender.

DATED:   November 19, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE